UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CIVIL ACTION NO. 07-CV-82-HRW

TERENCE B. RICHARDS                                                                              PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

BRIAN C. PATTON, WARDEN                                                                     RESPONDENT

\*\* \*\* \*\* \*\* \*\*

Terence B. Richards ("Richards"), an individual incarcerated in the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Dkt. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Davis is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      Background**

On November 14, 2006, Richards pled guilty to two counts of transmitting a communication containing a threat to injure the person of another through interstate commerce in violation of 18 U.S.C. § 875(c). In his plea agreement, Richards admitted to sending over 60 e-mails threatening to assassinate a bankruptcy trustee and his family as well as a prosecutor. On February 16, 2007,

he was sentenced to a thirty-month term of incarceration to be followed by a three-year term of supervised release. Richards filed a pro se notice of appeal on February 21, 2007. *United States v. Richards*, 06-CR-233, Northern District of Illinois [Dkt. 29, 30, 35, 36 therein].

Richards filed the present habeas corpus petition on July 20, 2007, seeking an order directing the warden to consider placing him in a community corrections center for the last 10% of his sentence, 57 days, instead of the thirty days currently recommended. Richards argues that the BOP's regulations set forth at 28 C.F.R. § 570.20-.21 do not properly implement 18 U.S.C. § 3624 in this regard, *citing Perez v. Winn*, 457 F. Supp. 2d 109, 110 (D. Mass. 2006) ("Congress has mandated that prisoners receive individualized evaluation of their eligibility for community corrections placement. Categorical treatment of prisoners as set forth in the 2005 B.O.P. regulations violates both Congressional and Supreme Court authority."); *but see Covielo v. Winn*, 477 F. Supp. 2d 301, 306 (D. Mass. 2006) ("the new BOP Rules are not inconsistent with the controlling statute because discretion over an inmate's placement lies ultimately with the BOP, the 2005 BOP regulations take the § 3621(b) factors into account and the Court concludes that those factors were not intended to constrict the BOP's exercise of its appropriate function of determining prisoner placement."). Finally, Richards requests that the Court excuse his failure to exhaust administrative remedies.

**II.   Discussion**

In 2006, Charles Eisnnicher, another inmate confined at the federal prison in Ashland, Kentucky, presented to the Court identical arguments in an identical procedural posture. *Eisnnicher v. Federal Bureau of Prisons*, 06-CV-52, Eastern District of Kentucky. Just as Richards does here, Eisnnicher sought to compel the BOP to consider him for CCC placement under its regulations in place prior to the 2002 changes on the ground that the BOP was failing to make individualized

determinations regarding placement, while admitting that he failed to make any effort to exhaust the BOP's administrative remedies.

As the Court explained in that proceeding, the BOP's 2005 revisions to the regulations implementing 18 U.S.C. § 3624(c), set forth at 28 C.F.R. §§ 570.20-.21, were designed to address deficiencies found by several courts, including this one, *see Colton v. Ashcroft*, 299 F. Supp. 2d 681, 692 (E.D. Ky. 2004), in the BOP's 2002 regulations. But the Court need not decide whether the BOP adequately addressed those concerns at this juncture because Richards' petition must be dismissed on other grounds.

Richards' petition must be denied for failure to exhaust administrative remedies. Federal courts have long required exhaustion of these administrative remedies prior to the filing of a habeas corpus petition under 28 U.S.C. § 2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'"). As Richards' acknowledges he has not attempted to exhaust his administrative remedies within the BOP, this requirement is plainly not satisfied.

Richards requests that the exhaustion requirement be waived in his case, but he does not articulate any basis for doing so. Because exhaustion is a judicially-created requirement for Section 2241 petitions, the Court may waive the requirement if it finds that exhaustion would be futile. *See Davis v. Keohane*, 835 F.2d 1147 (6th Cir. 1987); *Manakee Prof. Med. Transfer Serv., Inc. v. Shalala*, 71 F.3d 574 (6th Cir. 1995). Resort to administrative remedies is considered futile only where there has been "a prior indication from the agency that it does not have jurisdiction over the

matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider." *James v. United States Dept. of Health and Human Serv.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987).

There is no basis in the record to conclude that the BOP has adopted a categorical approach to CCC placement decisions or, even had it done so, made clear its unwillingness to reconsider that position. In this regard, Richards acknowledges that he would not be entitled to CCC placement any earlier than December 6, 2007 under the pre-2002 policy, which leaves ample time for him to complete the BOP grievance process. In addition, one of the purposes of the exhaustion rule is to provide the reviewing court with a fully-developed record upon which to base its decision. The Program Review Report provided by Richards appears to make only a preliminary recommendation regarding CCC placement rather than a final determination, and indicates that another program review will occur in November 2007. It is therefore unclear whether the BOP has even made a final determination that is reviewable by this Court. The record therefore presents a case for requiring exhaustion rather than excusing it, and Richards' petition will be denied.

**III. CONCLUSION**

Accordingly, it is **ORDERED** as follows:

1. Petitioner Richards' petition for a writ of habeas corpus is **DENIED.**

2. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This August 21, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge